**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**JOHN MONTI,**

      **Plaintiff,**

                                         **Civil Action No. 2:25-cv-00371**

**v.**

**SUMMIT HEALTH SERVICES INC.,**

      **Defendant.**

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

On June 6, 2025, the Plaintiff, acting *pro se*, filed a hand-written "Petition to Enjoin" (ECF No. 2), along with numerous attachments.[1] By Order entered on June 10, 2025, the undersigned directed the Plaintiff to amend his complaint by June 30, 2025, and to specify what his claims are and state sufficient facts supporting the basis for this Court's jurisdiction. (ECF No. 4) The undersigned warned the Plaintiff that failure to amend his complaint by June 30, 2025 will result in a recommendation of dismissal without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[3] (<u>Id</u>.).

---

[1] The Plaintiff has included along with his Petition the following hand-written documents: "Statement of Facts"; "Function to Injunction"; "No Consent Directive"; "Consent Notification"; "Writ of Habeas Corpus"; "Patient Concern Notification"; "Grievance"; and "Index" (ECF Nos. 2-1 through 2-9).

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
    **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[3] Rule 41.1 of the Local Rules provides:
    **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention

The Plaintiff, however, has not responded to the Court's Order, and there is no indication that the Plaintiff did not receive it. Accordingly, the undersigned has determined that the Plaintiff has failed to take any steps to prosecute this action, and therefore, the Plaintiff's above action should be dismissed.

## Analysis

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the

---

on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

case," in determining whether to dismiss a case involuntarily for want of prosecution, the District

Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular

circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration

of the first factor, the Court finds no indication that anyone other than the Plaintiff is responsible

for his failure to properly amend his complaint, despite being directed to do so. As an additional

matter, the undersigned notes that the Plaintiff has instead of amending his complaint herein, has

filed another action in this Court on June 20, 2025: *John Monti v. Dr. Keith Leap*, civil action

number 1:25-cv-00388. The undersigned observes that the allegations in the new complaint seem

to mirror the issues raised herein, and ostensibly serves as the Plaintiff's attempt to amend his

initial complaint *sub judice*, however, that is speculative at best. In any event, the Plaintiff has

clearly not amended his complaint in this action notwithstanding this Court's Order and warning

should he fail to do so.

In consideration of the second and third factors, the record is unclear that the Plaintiff has

a history of "deliberately proceeding in a dilatory fashion" beyond the fact that the Plaintiff has

failed to properly amend his complaint, but is capable of filing subsequent actions bearing similar

hallmarks. This Court has determined that "only a history of dilatory action" by a plaintiff weighs

in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL

4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(Johnston, J.)("[A]lthough the Court lacks sufficient facts

to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to

participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff."). In short, due to the Plaintiff's inaction in *this* case, the Court is being deprived of its ability and duty to ensure these proceedings move forward to a conclusion on the merits. Thus, the undersigned finds these factors weigh against the Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against the Plaintiff that should not be invoked lightly. The particular circumstances of this case do not warrant a lesser sanction – as stated *supra*, the Plaintiff has instead opted to file another lawsuit indicating similar allegations. An assessment of fines, costs, or damages against the Plaintiff would be unjust in view of the Plaintiff's application to proceed without prepayment of fees and his status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of the Plaintiff's failure to respond to the Court's Order directing a response by the Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless the Plaintiff is able to show good cause for his failure to prosecute *this* action.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DENY** the Letter-Form application to proceed ***"informa pauperis"*** [*sic*] (ECF No. 1) and **DISMISS** this action from the Court's docket without prejudice.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*.

**ENTER**: July 15, 2025.



Omar J. Aboulhosn
United States Magistrate Judge